Jin v. Sessions

BIA
Hom, IJ
A205 222 247

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand seventeen.

PRESENT:
        GUIDO CALABRESI,
        RICHARD C. WESLEY,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

_____

MINGCHUN JIN,
        *Petitioner,*

        v.                                          15-4088
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

FOR PETITIONER:          Carly B. Wiskoff, New York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; M.

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as the Respondent in this case.

Jocelyn Lopez Wright, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingchun Jin, a native and citizen of the People's Republic of China, seeks review of a November 23, 2015 decision of the BIA affirming a July 30, 2014 decision of an Immigration Judge ("IJ") denying Jin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingchun Jin,* No. A205 222 247 (B.I.A. Nov. 23, 2015), *aff'g* No. A205 222 247 (Immig. Ct. N.Y. City July 30, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA did not affirm or rely on the adverse credibility

2

determination we, as did the BIA, assume credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). Accordingly, the dispositive issue is whether the agency erred in its alternative conclusion that Jin failed to meet her burden of proof. The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4); *Chuilu Liu v. Holder*, 575 F.3d 193, 194, 196 (2d Cir. 2009); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).

In assessing whether an applicant meets her burden of proof, the agency "may weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). The agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available. *Id.; Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the IJ generally must, either in his decision or otherwise on the record, (1) identify the missing evidence and explain why it was reasonably available, and (2) provide an opportunity for the applicant to explain the

3

omission and assess any explanation given.  *Chuilu Liu*, 575 F.3d at 197-99.  "No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4).

The IJ sought corroboration in the form of an affidavit from Jin's husband who resided in China and had knowledge of Jin's abortion and access to documentation of the family planning policy specific to Jin's home region as it relates to persons of Korean descent. The record does not compel a conclusion that the evidence was not reasonably available. *Id.*  Jin had over two years to obtain the evidence, and her speculation that her husband's letter was "intercepted by the government" due to its sensitive subject matter was not compelling given that she testified to receiving other documents from her husband.  *Chuilu Liu*, 575 F.3d at 197-98; *see also* 8 U.S.C. § 1252(b)(4).  And Jin admitted she made no effort to provide documentation of the family planning policy in her region of China.  *See Jian Hui Shao v. Mukasey*, 546 F.3d

4

138, 142, 148, 156-57, 165, 170 (2d Cir. 2008)(noting that applicants must demonstrate that their violation of the family planning policy would be punished in their local area in a way that would give rise to an objectively reasonably fear of persecution).

The agency also reasonably afforded limited weight to the evidence Jin produced. "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). The records of the abortion and IUD insertion were labeled as consent forms for the procedures and made no mention of force or coercion. *See Jian Hui Shao*, 546 F.3d at 165, 172.

Jin's failure to corroborate her alleged violation of China's coercive family planning policy is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the alleged forced abortion and IUD insertion and the accompanying fear of sterilization. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

5

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk